**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CLERK U.S. DISTRICT & BANKRUPTCY COURTS

Nicole Rena McCrea

5205 East Capitol St., SE

Washington, DC 20019
202/491-9656

**Plaintiff(s)**

vs.

Case: 1:16-cv-00808 Jury Demand
Assigned To : Chutkan, Tanya S.
Assign. Date : 4/29/2016
Description: Employ. Discrim. (H Deck)

1. The District of Columbia

Attorney General Karl A. Racine for the District of Columbia

The Office of the Attorney General of the District of Columbia

441 4th St., NW Suite 630 South

Washington, DC 20001

2. The District of Columbia

General Counsel Ellen Efros for the District of Columbia

John A. Wilson Bldg 1350 Pennsylvania Ave, NW Suite

Washington, DC 20004

3. Mayor Muriel A. Bowser, in Official Capacity and Personal/Individual Capacity

c/oThe Office of the Attorney General of the District of Columbia

441 4th St., NW Suite 630 South

Washington, DC 20001

RECEIVED
Mail Room
APR 29 2016
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

4. Former Mayor Vincent Gray, in Official Capacity and Personal/Individual Capacity

c/o The Office of the Attorney General of the District of Columbia

441 4th St., NW Suite 630 South

Washington, DC 20001

5. Assistant Attorney General Andrea G. Comantale, Esq., in Official Capacity and Personal/Individual Capacity

The District of Columbia Police and Firefighters' Retirement and Relief Board

441 4th St., NW Suite 330 South

Washington, DC 20001

6. Assistant Attorney General Lois Hochhauser, Esq., in Official Capacity and Personal/Individual Capacity

The District of Columbia Police and Firefighters' Retirement and Relief Board

441 4th St., NW Suite 330 South

Washington, DC 20001

7. Fire and EMS Chief Gregory Dean in Official Capacity and Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

8. Former Fire and EMS Chief Kenneth B. Ellerbe in Official Capacity and

Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

9. Former Assistant Fire Chief of Services Larry B. Jackson, in Official Capacity and

Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

10. Battalion Fire Chief Raymond Gretz in Official Capacity and

Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

11. Battalion Fire Chief Micheal S. Donlon, in Official Capacity and

Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

12. Former EEOC and Diversity Manager Josh Henline, Esq. in Official Capacity and

Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

13. Former EEOC and Diversity Manager Gitana Stewart-Ponder, Esq. in Official Capacity and

Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

14. Captain Alan Noznesky. in Official Capacity and Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

15. Lieutenant John Thornton in Official Capacity and Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

16. Firefighter Travis Chase in Official Capacity and Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

17. Firefighter Michael Harrison in Official Capacity and Personal/Individual Capacity

The DC Fire and EMS Department

The Frank D. Reeves Center

2000 14th St., NW Suite 500

Washington, DC 20009

18. Police and Fire Clinic/ PFC Associates

Chief Operating Officer Marian Booker

920 Varnum St., NE

Washington, DC 20017

19. Medical Director Dr. Olusola Maloma in Official Capacity and Personal/Individual Capacity

Police and Fire Clinic/ PFC Associates

920 Varnum St., NE

Washington, DC 20017

20. Dr. Marc Cottrell in Official Capacity and Personal/Individual Capacity

Police and Fire Clinic/ PFC Associates

920 Varnum St., NE

Washington, DC 20017

21. Dr. Raquel Gordon in Official Capacity and Personal/Individual Capacity

Police and Fire Clinic/ PFC Associates

920 Varnum St., NE

Washington, DC 20017

22 Dr. Gloria Morote in Official Capacity and Personal/Individual Capacity

Police and Fire Clinic/ PFC Associates

920 Varnum St., NE

Washington, DC 2001723.

23. Director of Privacy/ Medical Services William B. Sarvis in Official Capacity and Personal/Individual Capacity

Police and Fire Clinic/ PFC Associates

920 Varnum St., NE

Washington, DC 20017

24. Assistant Privacy Officer Frieda L. Caldwell in Official Capacity and Personal/Individual Capacity

Police and Fire Clinic/ PFC Associates

920 Varnum St., NE

Washington, DC 20017

25. Human Resources Administrator Denise S. Gardner in Official Capacity and Personal/Individual Capacity

The District of Columbia Police and Firefighters' Retirement and Relief Board

441 4th St., NW Suite 340 North

Washington, DC 20001

26. . Human Resources Administrator Lela Jones in Official Capacity and Personal/Individual Capacity

The District of Columbia Police and Firefighters' Retirement and Relief Board

441 4th St., NW Suite 340 North

Washington, DC 20001

**Defendant(s)**

# COMPLAINT

**1. Jurisdiction in this case is based on:**

☐ Diversity (none of the defendants are residents of the state where plaintiff is a resident)

☒ Federal question (suit is based upon a federal statute or provision of the United States Constitution)

☒ Other (explain) 42 U.S.C. 1983

**2. The facts of this case are:**

1. I, Plaintiff, Nicole Rena McCrea a former Firefighter/EMT of the District of Columbia Fire and Emergency Medical Services Department ("DCFEMS"). While at work, around midnight, May 30/31, 2013, the Complainant was the victim of a sexual harassment incident involving three other members of the DCFEMS.
2. The incident was immediately reported to the DCFEMS officers on duty. Nothing was done by the DCFEMS officers on duty and the Complainant was ordered not to do or say anything to anyone about it.
3. On June 01, 2013, due to Complainant's perseverance in continuing to report the incident to DCFEMS officers of higher rank and authority, Complainant was ordered to call 911. The investigating police officers of the Special Victims Unit of the Metropolitan Police Department ("MPD SVU") classified the sexual harassment incident as a misdemeanor sexual abuse; incident report case#13-074-198. The MPD SVU initiated a full investigation, which included the convening of a Grand Jury.
4. Within one month of the misdemeanor sexual abuse the Complainant began to experience a variance of stress related somatic dysfunctions, including difficulty concentrating,

difficulty falling asleep and/or staying asleep, headaches, loss of appetite, nausea, upset stomach and diarrhea.

5. On June 23, 2013, while at work, Complainant woke up screaming, having had a nightmare about the events that occurred during the misdemeanor sexual abuse.

6. On June 24, 2013, Complainant reported her health concerns to the DCFEMS personnel involved in the MPD SUV investigation of the misdemeanor sexual abuse, DCFEMS Deputy Fire Chief (DFC) Milton Douglas and DCFEMS Equal Employment Opportunity Commission (EEOC) and Diversity Manager Joshua Henline, Esq.,.

7. On June 24, 2013 Complainant was advised by DCFEMS EEOC and Diversity Manager Joshua Henline, Esq., to report to the PFC on June 25, 2013.

8. On June 25, 2013 the Complainant reported to the PFC. While at the PFC, Complainant completed and submitted a DCFEMS FD-44: Report of Illness or Injury to Uniform Member. In completing the DCFEMS FD-44, Complainant, described the nature and the circumstances leading to her illness and/or injury to be "chronic symptoms of mental [and] physical stress due to a hostile attack while on duty [on] 05/30/2013"; requesting that her injury/illness be classified as a P.O.D. injury . Complainant was assessed by medical and behavioral health physicians at the PFC and was immediately placed on medical Sick Leave with a diagnosis due to acute stress reaction and behavioral sick leave with a diagnosis of adjustment disorder with mixed anxiety and depressed mood.

9. Complainant sought private medical and psychological treatment, in addition to concurrent medical and psychological monitoring by physicians at the PFC.

10. On July 24, 2013 Complainant's written request for P.O.D. [Performance of Duty] injury was verbally denied; ruled Non-P.O.D. by DCFEMS Battalion Fire Chief ("BFC") Michael Donlon at the PFC.

11. On July 31, 2013 PFC Dr. Taunya Brownlee diagnosed the Complainant with acute stress reaction.

12. On August 06, 2013, Complainant as outlined in DCFEMS Order Book Article XI Part II section 9, Complainant filed a written appeal of the Non-P.O.D. ruling to the DCFEMS Assistant Fire Chief of Services ("AFC-S") Kenneth Jackson.

13. On September 11, 2013 PFC Dr. Taunya Brownlee diagnosed the Complainant with acute stress reaction.

14. On September 09, 2013 DCFEMS EEOC and Diversity Manager Josh Henline, Esq., sent Complainant a written notice regarding the DCFEMS' receipt of a documented update, from MPD, as pertaining to the status of the MPD SVU misdemeanor sexual abuse investigation.

15. On September 12, 2013 Complainant submitted a detailed Sexual Harassment Report to DCFEMS and Diversity Manager Josh Henline Esq., On September 13, 2013 Complainant meet with the DCFEMS EEOC and Diversity Manager Josh Henline Esq. In September 2013, Complainant contacted DCFEMS EEOC and Diversity Manager Josh Henline and was informed that four DCFEMS employees were formally charged, Charge No: U-13-245, U-13-246, U-13-247 and U-13-248 by the DCFEMS Office of Compliance, citing Complainant's Sexual Harassment report to DCFEMS EEOC and Diversity Manager Josh Henline Esq., and evidence from the MPD SVU investigation.

16. On October 11, 2013 Dr. Taunya Brownlee certified the Complainant for light Duty, diagnosing the Complainant with acute stress reaction.

17. On October 31, 2013 PFC Dr. Taunya Brownlee diagnosed the Complainant with Post Traumatic Stress Disorder ("PTSD").

18. Beginning November 11, 2013 the Complainant began to make verbal requests, to return to work, through DCFEMS officials at PFC, PFC psychologist Dr. Raquel Gordon and PFC Medical Director Dr. Olusola Maloma.

19. On November 21, 2013 Complainant filed formal charges of sexual harassment, race discrimination, sex discrimination, disparate treatment and retaliation with the DC Equal Employment Office and Commission ("DCEEOC").

20. On December 04 2013 PFC Medical Director Dr. Olusola Maloma diagnosed the Complainant with PTSD.

21. On January 08, 2014 PFC physician's assistance JiJi Ninan returned Complainant to full duty, medically; diagnosing the Complainant with PTSD.

22. On February 24, 2014, Complainant reported to a forced monitoring session at PFC with PFC psychologist Dr. Raquel Gordon. Dr. Gordon documented Complainant's positive progress towards a return to full duty.

23. On March 06, 2014, after months of verbal inquiries and no notice or ruling on her written appeal of the Non- P.O.D. ruling, Complainant filed a written inquiry to the DCFEMS AFC-S Kenneth Jackson requesting written notice on the status of her Non-POD appeal.

24. On March 10, 2014, without written notice or explanation, Complainant was verbally informed that her Non-P.O.D. ruling had been upheld.

25. On March 10, 2014, Complainant made another verbal complaint, in a series of verbal complaints against PFC psychologist Dr. Raquel Gordon to DCFEMS Lieutenant ("Lt") Randell Stroman at the PFC, once again citing concerns about Dr. Raquel Gordon's demonstrated lack of integrity, lack of professionalism and lack of ethics. Upon DCFEMS Lt. Randell Stroman's recommendation, Complainant made an appointment to meet with DCFEMS BFC Raymond Gretz, at the PFC prior to her next forced monitoring appointment at the PFC.

26. On March 24, 2014, Dr. Raquel Gordon, having not seen the Complainant in one month, fabricated a written patient report to trigger an unwarranted psychological evaluation; expressing unsubstantiated concerns and making fraudulent misrepresentations about the Complainant's lack of progress.

27. On March 26, 2014, Complainant petitioned the DCFEMS Fire Chief ("FC") Kenneth Ellerbe, in writing, requesting accommodation in the form of the Advancement of Sick Leave.

28. On March 31, 2014, Complainant meet with DCFEMS Lt Randell Stroman, at PFC, to vehemently protest the unwarranted order that she undergo a psychological assessment when PFC is fully aware of her case and psychological status due to her forced psychological monitoring twice a month. DCFEMS Lt Randell Stroman, at PFC, acknowledged Complainant's protests yet insisted that the psychological assessment was a Fitness for Duty Evaluation. Complainant was ordered by DCFEMS Lt Randell Stroman to cooperate with the administration of the psychological assessments.

29. The Complainant was administered six extensive and comprehensive psychological exams: the Minnesota Multiphasic Personality Inventory- 2 Restructured Form (MMPI-2

RF), The Personality Assessment Inventory (PAI), the Trauma Symptom Inventory- II (TSI-2), the Beck Hopelessness Scale (BHS), the Beck Depression Inventory-II (BDI-II), the Beck Anxiety Inventory (BAI) and a detailed forensic psychological interview, by PFC psychologist Dr. Gloria Morote.

30. The series of psychological assessments administered on March 31,2014 in addition to the nature of PFC psychologist Dr. Gloria Morote's forensic psychological interview constitutes a Forensic Sexual Harassment Assessment designed to document and assess complete psychological history and beliefs, complete sexual harassment history, complete sexual history and complete history of trauma, sexual and non-sexual.

31. On April 02, 2014, Complainant meet with DCFEMS BFC Raymond Gretz at the PFC to request that her ordered/forced monitoring, be accomplished with a different PFC psychologist, reiterating her complaints about being forced to interact with PFC psychologist Dr. Raquel Gordon. Complainant expressed grave misgivings to DCFEMS BFC Raymond Gretz about PFC psychologist Dr. Raquel Gordon's demonstrated lack of integrity, lack of professionalism and lack of ethics when interacting with the Complainant. DCFEMS BFC Raymond Gretz dismissed the Complainants concerns and disregarded her complaints.

32. In April 2014 Complainant received FMLA information from DCFEMS EEOC and Diversity Manager Josh Henline, with veiled statements to accept its terms to avoid impending disciplinary actions.

33. On May 01, 2014, DCFEMS BFC Michael Donlon, PFC privacy officer William B. Sarvis, and PFC psychologist Dr. Gloria Morote, signed and submitted to the DC Police and Firefighter Retirement and Relief Board ("DCPFRRB") a grossly skewed, subjective

and unsubstantiated memorandum, titled "Report of Psychological Evaluation- Disability Retirement"; PFC Medical Director Dr. Olusola Maloma was noticed as a recipient of its submission. The memorandum: suppressed all of the objective and probative statistical data, profiles and charts generated from each of the six administered psychological assessments, repeatedly citing only two levels/sublevels: anxiety and paranoia, of the more than cumulative one hundred sublevels assessed by the six psychological tests; contained Dr. Gloria Morote's expressed forensic diagnosis of the Complainant; contained Temperament Codes submitted by Dr. Gloria Morote's that were highly subjective and unsubstantiated by citations and certified production of the objective and probative reports' statistical data, profiles and/or charts generated from each of the six psychological assessments administered to the Complainant; contained endorsements from DCFEMS BFC Michael Donlon and PFC Privacy Officer William B. Sarvis recommending the Complainant for involuntary non-POD disability retirement, citing several DC Municipal Policies and declaring that the Complainant was permanently disable.

34. On May 08, 2014, as ordered by DCFEMS officials at PFC Complainant reported to Rehabilitation Prospectives, Inc. for rehabilitative counseling to obtain rehabilitative occupation, outside of the DCFEMS.

35. On May 09, 2014, Complainant was able to obtain copies of DCFEMS' official endorsements to her March 06, 2014 written inquiry on the status of her appeal of the Non-P.O.D. ruling, in addition to a copy of a memorandum from PFC Medical Compensation Specialist Frieda L. Caldwell, dated January 16, 2014, addressed to the DCFEMS AFC-S Kenneth Jackson, DCFEMS BFC Michael Donlon, PFC Privacy

Officer William B. Sarvis, with his endorsement of receipt. PFC Medical Compensation Specialist Frieda L. Caldwell citing faulty and/or irrelevant case law and detailing with explicit fabrication, a lack of PFC records and DCFEMS documentation and/or evidence regarding Complainant's Sexual Harassment/misdemeanor sexual abuse and subsequent PTSD, recommended denial of Complainant's Non-POD Appeal.

36. On May 09, 2014, Complainant received copies of the DCFEMS' official endorsements of her written request for accommodations through the Advancement of Sick Leave. Among the endorsements was DCFEMS AFC-S Kenneth Jackson's, April 15, 2014, admitted utilization of PFC Medical Compensation Specialist Frieda L. Caldwell's fabricated memorandum, to defeat the Complainant's Non-POD Appeal and recommendation of its utilization to DCFEMS EEOC and Diversity Manager Josh Henline, Esq., by name, before further consideration of the Complainant's request for accommodations in the form of the Advancement of Sick Leave.

37. On May 09, 2014, Complainant also noticed DCFEMS FC Kenneth Ellerbe's signature with a date of May 05, 2014, denying Complainant's written request for accommodation through the Advancement of Sick Leave, without written determinations or explanations.

38. On May 09, 2014, Complainant petitioned the DCFEMS FC Kenneth Ellerbe, in writing, asking for a written explanation of the reasons and/or determinations utilized to deny her request for accommodation through the Advancement of Sick Leave.

39. On May 20, 2014, Complainant filed her first continuous violations complaint with DCOHR. On May 31, 2014 Complainant, having exhausted all of her available leave, went into a Leave Without Pay Status, creating an adverse impact on Complainant's benefits that caused her to lose the ability to accrue annual leave, to lose the ability to

accrue sick leave and triggered a countdown from DCFEMS human resources regarding imminent loss of her eligibility to qualify for health insurance through DCFEMS.

40. Around June 17, 2014, Complainant received written notice of the involuntary disability retirement proceedings from the DCPFRRB.

41. On August 04, 2014 Complainant submitted a formal written complaint to DCFEMS officials at the PFC detailing her concerns about being forced to continue her enforced monitoring at PFC with PFC psychologist Dr. Raquel Gordon .

42. On August 05, 2014, after repeated verbal rebuffs form PFC psychologist Dr. Raquel Gordon, Complainant submitted her first written request to return to work, to DCFEMS officials at PFC and to PFC physicians, with recommendations for accommodations from her private physician(s).

43. On September 08, 2014 Complainant's forced monitoring with Dr. Raquel Gordon was terminated. On September 15, 2014 Complainant formalized Charge OHR Docket No: 15-309-DC (N); Complainant also officially requested that her DCEEOC be transferred to DCOHR.

44. On September 16, 2014 Complainant submitted her second written request to return to work, with recommendations for accommodations from her private physician(s). Due to DCFEMS officials at PFC acting through PFC physiologist Marc Cottrell, insisting that he needed to confer with Complainant's private physician(s) on the nature of her accommodations, on October 07, 2014 Complainant signed an authorization for her private physicians to discuss the accommodations needed for her to return to work.

45. In October 2014, Dr. Marc Cottrell contacted Complainant's private physicians rather than discussing Complainant's accommodations demanded knowledge and/or access to

Complainant's private medical records, specifically the private physicians diagnosis and treatment protocol.

46. On November 25, 2014 Complainant meet with DCFEMS Lt Randell Stroman, DCFEMS BFC Raymond Gretz, PFC Phycologist Marc Cottrell and PFC Medical Director Dr. Olusola Maloma regarding DCFEMS and PFC's refusal to grant her repeated requests for accommodations. PFC Medical Director Dr. Olusola Maloma informed Complainant that she was the policy maker and they did not have to accommodate the Complainant as recommended by her doctors that it was a privilege that they could offer if they chose.

47. On December 18, 2014, the DCPFRRB issued a written Order, ordering the Complainant to submit a third written request to return to work from Complainant's private physician(s), with recommendations for accommodations, outlining explicit orders that Complainant's private physician(s) detail the Complainant's diagnosis and treatment protocol; to be submitted to DCFEMS officials at the PFC, PFC psychologists and the DCPFRRB.

48. On January 12, 2015, the Complainant submitted her third written request to return to work, from her private physician, with recommendations for accommodations, with explicit details about the Complainant's diagnosis and treatment protocol to DCFEMS officials at the PFC, PFC psychologists Dr. Marc Cottrell and Dr. Gloria Morote and the DCPFRRB.

49. On January 19, 2015 PFC psychologist Dr. Gloria Morote disregarded the third written request for accommodation and submitted a written affidavit to the DCPFRRB maintaining her diagnosis and her opinions as previously articulated; in her Forensic

Sexual Harassment Report, titled "Report of Psychological Evaluation- Disability Retirement", Temperament Codes and capricious testimony.

50. On January 20, 2015 PFC psychologist Dr. Marc Cottrell disregarded the third written request for accommodation and submitted to DCPFRRB unsworn, subjective and unsubstantiated concerns of safety and prejudicial inferences. The PAI and the MMPI-2 RF assessments administered during PFC psychologist Dr. Gloria Morote's Forensic Sexual History Assessment, expressly assesses and generates a comprehensive report that outlines objective and probative data, profiles and charts on beliefs/characterizations with regards to safety, professional and social interaction, and the ability to make and follow supervisory commands.; data that was wantonly suppressed by PFC psychologist Dr. Gloria Morote in her memorandum to DCPFRRB.

51. On January 21, 2015, the DCPFRRB disregarded the Complainant's third written request for accommodations, citing the unsworn, subjective and unsubstantiated questions and concerns of safety with prejudicial and defamatory references from PFC psychologist Marc Cottrell, issued a verbal Order for the Complainant to submit a fourth written report, if Complainant wanted to return to work, with explicit orders that the Complainant's private physician must articulate explicit and detailed responses to each of PFC psychologist Dr. Marc Cottrell's unsworn, subjective and unsubstantiated questions and concerns, to be submitted to DCFEMS officials at the PFC, PFC and the DCPFRRB. It was the last straw. Complainant adamantly refused, emphasizing the fact that the third written request to return to work was a clear violation of her rights, yet they want more.

52. On January 22, 2015, the DCPFRRB issued a written Order, expressly detailing PFC psychologist Marc Cottrell's unsworn, subjective, and unsubstantiated questions and

concerns of safety with highly prejudicial and defamatory references to Complainant, ordering Complainant to submit a fourth written report to DCFEMS officials at the PFC, PFC and the DCPFRRB, by February 05, 2015. Complainant did not comply.

53. On March 26, 2015 Complainant filed her second continuing violation complaint with the DCOHR.

54. On April 02, 2015 DCFEMS filed a Motion to Dismiss Charge OHR Docket No.: 15-309-DC (CN).

55. On April 24, 2015 Complainant submitted to DCOHR her opposition to DCFEMS' Motion to Dismiss Charge OHR Docket No.: 15-309-DC (CN).

56. On April 30, 2015 the DCPFRRB issued a written Order and Decision forcing the Complainant into Non-POD involuntary disability retirement, in sole reliance of unsubstantiated evidence, arbitrary and capricious testimony or unsworn hearsay from the Respondent: PFC psychologists Dr. Gloria Morote's fraudulent and skewed memorandum with DCFEMS BFC Michael Donlon and PFC Privacy officer William B Sarvis endorsement of several DC Municipal Policies, in violation of Complainant's federal rights, with the expressed declaration that the Complainant is permanently disabled; Dr. Gloria Morote's sworn testimony, with unsubstantiated speculations, subjective, arbitrary and capricious opinions and prejudicial utterances upon cross examination; Casting false light on Complainant's evidence, deliberate perversion of Complainant's testimony in its summation, and debasing Complainant's ardent assertion of the DCPFRRB's violation of her rights in her declaration of their veiled, yet contemporaneous, aid in her victimization, in addition to autonomous harassment and discrimination; wantonly adulterating the dispositive fact of PFC Medical Compensation

Specialist Frieda L. Caldwell's Memorandum that was clearly fabricated for utilization by DCFEMS officers to address Complainant's Non-POD Appeal and recommended to deny Complainant's request for accommodations through the Advancement of Sick Leave; the DCPFRRB's fraudulent misrepresentations uttered to justify their blatant inaction, operating short of their statutory jurisdiction and power: *7 DCMR 2503.3, 7 DCMR 2510.1; 7 DCMR 2510.5; 7 DCMR 2510.7 and 7 DCMR 2510.8*; the DCPFRRB's grave abuse of discretion, operating in excess of its statutory jurisdiction, by stepping down from its impartial role as trier of facts to make a subjective, unsubstantiated and defamatory character/demeanor assessments of the Complainant with the malicious drive and intent of causing Complainant harm in her profession and community.

57. On May 01, 2015 Complainant formalized Charge OHR Docket No: 15-518 DC (CN). On May 26, 2015 DCFEMS filed a Motion to Dismiss Charge OHR Docket No: 15-518 DC (CN).

58. On June 01, 2015 Complainant filed opposition to the DCFEMS' Motion to Dismiss Charge OHR Docket No: 15-518 DC (CN).

59. On June 29, 2015 Complainant submitted her third continuing violations complaint to DCOHR. On July 07, 2015 DCOHR issued its written Order denying DCFEMS' Motion to Dismiss Charge OHR Docket No: 15-509 DC (CN).

60. On July 09, 2015 DCOHR issued its written Order denying DCFEMS' Motion to Dismiss Charge OHR Docket No: 15-518 DC (CN) on the disability and retaliation aspects of the Charge and granting dismissal of the race and sex aspect of the charge with

a remand that the Complainant go back to EEOC counseling regarding the race and sex aspects of her complaints against the Respondents.

61. Around July 15, 2015 PFC submitted a Motion to Dismiss Charge OHR Docket No: 15-520-DC (CN). On August 21, 2015, Complainant as remanded by the DCOHR, sought EEOC counseling with EEOC Counselor Mr. Hydan Demas at the DC Office of Disability Rights ("DCODR"). Complainant presented documentation to Mr. Hydan Demas with regard to the race and sex aspects of her March 26, 2015 complaint against DCFEMS, PFC and the DCPFFRRB and the subsequent formalized Charges on remand from the DCOHR.

62. On September 25, 2015, after fulfilling the July 09, 2015 remand, as ordered by DCOHR in its written Order for DCFEMS' Motion to Dismiss, Complainant submitted her fourth continuing violations complaint to DCOHR detailing the EEOC counseling with DCODR EEOC Counselor Mr. Hydan Demas on the race and sex aspects of her March 26, 2015 complaint; her identification of one similarly situated DCFEMS white male and white female, currently and/or formally employed with the DCFEMS and subjective to medical/ psychological assessment at PFC and disability/retirement evaluation before the DCPFRRB; explicit EEOC counseling regarding the disparity of treatment and the disparate impact of her interactions with DCFEMS, PFC and DCPFRRB and; the EEOC Counselor's reports to the Complainant of his interactions with the Respondents' as pertaining to his EEOC investigation of the disparate treatment and disparate impact of the race and sex aspects of the Complainant's Charge OHR Docket No: 15-518-DC (CN), 15-519-DC (CN), 15-520-DC(CN). On November 06, 2015 Complainant formalized

Charge OHR Docket No: 16- 086- DC (CN), 16- 087-DC (CN), 16-088-DC (CN), as remanded by DCOHR in its July 09, 2015 written Order.

63. On November 06, 2015 Complainant formalized her DCOHR Charge of Constructive Discharge against DCFEMS, PFC and the DCPFFRB.

64. On November 09, 2015 DCOHR issued its written Order denying PFC's Motion to Dismiss Charge OHR Docket No: 15-520-DC (CN). On January 11, 2016 PFC submitted a Motion to Dismiss Charge OHR Docket No: 16-088-DC (CN).

65. Each defendant is sued individually and in their official capacity. At all times mentioned in this complaint each defendant acted under the color of a District of Columbia, municipal law.

66. I am demanding a trial by Jury against defendants, jointly and severally

### 3. Cause of Action or Claim for Relief

The Plaintiff, Nicole R. McCrea, in identifying her cause of action or claim for relief, also re-alleges and incorporates by reference paragraphs 1- 66 of the Plaintiff's Complaint filed with this Court on this day April 28, 2016:

1. The Defendants' concerted actions to violate the Americans with Disabilities Act violated plaintiff, Nicole R. McCrea's rights and constituted civil conspiracy under 42 US Code 1983 through the enforcement of a municipal policy and state laws.

2. The Defendants' concerted actions to violate the Americans with Disabilities Act and enforce retirement without cause violated plaintiff, Nicole R. McCrea's rights and constituted constructive discharge under 42 US Code 1983 using the color of the law and a municipal policy.

3. The Defendants' concerted actions to violate the Americans with Disabilities Act and enforce unwarranted psychological assessments without cause violated plaintiff, Nicole R. McCrea's rights and constituted medical malpractice under 42 US Code 1983 and the enforcement of a municipal policy and state laws.

4. The Defendants' concerted actions to violate the Americans with Disabilities Act and enforce unwarranted psychological assessments without cause violated plaintiff, Nicole R. McCrea's rights and constituted medical negligence under 42 US Code 1983 and state laws.

5. The Defendants' concerted actions to violate the Americans with Disabilities Act and enforce unwarranted psychological assessments without cause violated plaintiff, Nicole R. McCrea's rights and constituted invasion of privacy under 42 US Code 1983 and state laws.

6. The Defendants' deliberate indifference and disregard in publishing unsupported assessments and characterizations violated plaintiff, Nicole R. McCrea's rights and constituted defamation of character to cause harm in profession and community 42 US Code 1983 and state laws.

7. The Defendants' fraudulent misrepresentations violated plaintiff, Nicole R. McCrea's rights and constituted medical malpractice under 42 US Code 1983 and state laws.

8. The Defendants' fraudulent misrepresentations violated plaintiff, Nicole R. McCrea's rights and constituted fraud under 42 US Code 1983 and state laws.

9. The Defendants' fraudulent misrepresentations violated plaintiff, Nicole R. McCrea's rights and constituted fabrication of evidence under 42 US Code 1983 and state laws.

10. The Defendants' fraudulent misrepresentations violated plaintiff, Nicole R. McCrea's rights and constituted forgery under 42 US Code 1983 and state laws.

11. The Defendants' fraudulent misrepresentations violated plaintiff, Nicole R. McCrea's rights and constituted utterance of fraud under 42 US Code 1983 and state laws.

12. The defendants' continuous and pervasive pattern of administrative interference and or abuse violated plaintiff, Nicole R. McCrea's rights and constituted Intentional Infliction of Emotional Distress under 42 US Code 1983 and state laws.

13. The defendants' continuous and pervasive pattern of administrative interference and or abuse violated plaintiff, Nicole R. McCrea's rights and constituted Negligent Infliction of Emotional Distress under 42 US Code 1983 and state laws.

14. The defendants' continuous and pervasive pattern of administrative interference violated plaintiff, Nicole R. McCrea's rights and constituted tortious interference 42 US Code 1983 and state laws.

15. The defendants' malicious intent to deter due process violated plaintiff, Nicole R. McCrea's rights and constituted violation of the due process clause of the Constitution under 42 US Code 1983 and state laws.

16. The defendants' abuse of process violated plaintiff, Nicole R. McCrea's rights and constituted violation of the due process clause of the Constitution under 42 US Code 1983.

**4. The relief I want the court to order is:**

☒ Monetary Damages for economic, non-economic, pecuniary, punitive and any other remedies of equity that the Court finds just.

☒ An injunction ordering: restoration of all leave annual and sick leave used or lost.

☒ Other (explain) : Declaratory Judgment

April 28, 2016

(Date)

Nicole Rena McCrea

5205 East Capitol St., SE

Washington, DC 20019

202-491-9656 (cell) and 202-582-4026 (home)