# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NICOLE RENA MCCREA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-cv-0808 (TSC) |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED ORDER[1]

Before the court is *pro se* Plaintiff Nicole McCrea's Rule 60 motion for relief from judgment.  (ECF No. 51).  Specifically, Plaintiff seeks relief from this court's order dismissing this action without prejudice.  (ECF No. 42).

Plaintiff filed her Complaint on April 29, 2016.  (ECF No. 1).  Shortly thereafter, the court entered an order advising Plaintiff that dismissal of this action might occur should she fail to comply with the Federal Rules of Civil Procedure, the Local Civil Rules of this court or the court's orders.  (ECF No. 2).  In September 2016, the court ordered Plaintiff to amend her Complaint because it failed to comply with Federal Rule of Civil Procedure 8(a).[2]  (ECF No. 10). Specifically, Plaintiff named some individuals and their agencies in the Complaint, but she failed to indicate whether she asserted claims against the individuals in their individual capacities, their official capacities, or both.  Additionally, Plaintiff named some individuals and agencies in the caption of her case, but she failed to include any factual allegations about them in the body of the

---

[1]  This Order has been amended to include a copy of the order referenced in footnote four.

[2]  Rule 8(a) provides, in relevant part, that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Complaint.  Finally, she set forth allegations against certain Defendants in the body of her

Complaint, but those Defendants were not listed in the caption.[3]  The court listed the relevant

Defendants in its order and identified the specific Rule 8(a) problem associated with each.[4]  After

several extensions of time, Plaintiff filed her First Amended Complaint (ECF No. 23), but it

suffered from the same deficiencies.  Around this same time, several Defendants filed motions to

dismiss and Plaintiff filed responses along with a Second Amended Complaint, which the court

struck because Plaintiff had not sought leave of court.  (ECF Nos. 21, 22, 27, 29-31; Jan. 24,

2017 Min. Order).

　　　At a hearing on April 20, 2017, the court granted Plaintiff's request to file a Second

Amended Complaint.  (*See* April 20, 2017 Minute Order).  During the hearing, the court

explained to Plaintiff that her lawsuit might be dismissed if she failed to meet court deadlines.

Plaintiff indicated that she had already begun drafting her Second Amended Complaint and

asked for thirty more days in which to file the Second Amended Complaint.  The court granted

her request and ordered her to file the Complaint by May 22, 2017.  The court also explained that

the Second Amended Complaint must indicate which claims are asserted against which

Defendants and the actions each Defendant took.

　　　One day after the deadline, Plaintiff filed a motion requesting an extension through May

26, 2017.  (ECF No. 38).  Although Plaintiff did not explain why she needed additional time, the

---

[3]  As noted in the court's order requiring Plaintiff to amend her Complaint, to the extent Plaintiff seeks to pursue claims against a defendant, the Local Rules of this court require that she provide the "full residence address or official address of each party."  (ECF No. 10 p. 5) (citing LCvR 5.1(c)).

[4]  A copy of that order is attached.

court granted her motion and ordered her to file the Complaint by June 1, 2017—six days more than she had requested.  (May 24, 2017, Minute Order).

On June 13, 2017, Plaintiff had not filed the Second Amended Complaint or any other pleadings, and this court dismissed this action without prejudice.  (ECF No. 42).  Rather than seeking relief from the motion to dismiss, Plaintiff filed a Notice of Appeal on July 12, 2017. (ECF No. 43).  She then filed several motions seeking permission to pursue her appeal *in forma pauperis.*  Despite the ongoing appellate proceedings, on September 11, 2017, Plaintiff filed the instant motion, asking this court to reopen her District Court case.  (ECF No. 51).

Plaintiff asserts that the court should reopen her case pursuant to Federal Rule of 60(b), which allows for relief from a judgement due to excusable neglect.[5]  Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect"). Plaintiff contends she meets the excusable neglect standard because after the April hearing she was busy attempting to effectuate service of process by May 4, as this court had ordered her to do.  She does not state, however, what prevented her from filing her Second Amended Complaint between May 4 and her May 22 deadline.  Likewise, she does not state what occurred between the original May 22 and the extended June 1 deadlines.  Instead, Plaintiff states that her mother became ill on June 1, was hospitalized six days later on June 6, and released from the hospital on June 9.  (Pls. Br. p. 4).  Her mother was readmitted to the hospital several days later and ultimately discharged on June 16, 2017—three days after the court dismissed this action.  (*Id.*)

---

[5]  Plaintiff also contends she is entitled to relief from the judgment based on fraud, but her allegations on this claim involve conduct that occurred long before she filed this lawsuit.  (*See* ECF No. 51, Pls. Br. pp. 5-12).

Understandably, it may have been necessary for Plaintiff to care for her mother after the

June 16 discharge, but Plaintiff does not explain why she filed a Notice of Appeal on July 12,

2017, rather than a motion to reconsider or motion to reopen.  Instead, she waited almost two

months to file the pending Rule 60 motion.  Moreover, Plaintiff has yet to proffer her Second

Amended Complaint.

As an initial matter, this court must address the issue of the court's jurisdiction.

Ordinarily, filing a notice of appeal

> "confers jurisdiction on the court of appeals and divests the district court of control
> over those aspects of the case involved in the appeal."  *Griggs v. Provident
> Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (per
> curiam).  However, if a Rule 60(b) motion and an appeal are pending at the same
> time, the district court may consider the motion.  *LaRouche v. U.S. Dep't of
> Treasury,* 112 F. Supp. 2d 48, 51–52 (D.D.C. 2000).  If the district court decides to
> grant relief and issue an indicative ruling, the appellant may move the appellate
> court to remand the case so that relief may be granted. If the district court decides
> to deny the motion for reconsideration, it has the authority to do so while the appeal
> is pending.  *Id.* (citing *Smith v. Pollin,* 194 F.2d 349, 350 (D.C. Cir. 1952)).
> Therefore, notwithstanding the pending appeal, this Court has the authority to . . .
> consider [the] motion for reconsideration.

*West v. Holder,* 309 F.R.D. 54, 56 (D.D.C. 2015).

Having reviewed the motion, the court is not convinced that Plaintiff has been as diligent

as necessary in prosecuting this case, and the Defendants who have appeared oppose Plaintiff's

motion.  On the other hand, the court "is vested with a large measure of discretion in deciding

whether to grant a Rule 60(b) motion," *Twelve John Does v. D.C.*, 841 F.2d 1133, 1138 (D.C.

Cir. 1988), and reopening this case will not prejudice the Defendants.  *See FG Hemisphere

Assocs., LLC v. Democratic Republic of Congo*, 447 F.3d 835, 840 (D.C. Cir. 2006) (noting that

"exposure to adjudication" does not constitute "a qualifying form of prejudice under Rule

60(b)(1)").

Accordingly, if the Court of Appeals is inclined to remand this action, this court will grant Plaintiff's motion.  Assuming the case is remanded, this court will issue an order directing Plaintiff to file the Second Amended Complaint by a date certain.  Given that Plaintiff indicated in April that she had begun drafting the Second Amended Complaint, Plaintiff is hereby advised that the court will look unfavorably upon requests for extensions of any future deadline.

The Clerk of the Court shall transmit a copy of this order to the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit and mail a copy of this order to:

**NICOLE RENA MCCREA**
5205 East Capitol St., SE
Washington, DC 20019

Date:  October 23, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge