# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NICOLE RENA MCCREA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-cv-0808 (TSC) |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed a complaint containing over sixty-six paragraphs and allegations claiming that the Defendants violated her rights under the Americans with Disabilities Act, engaged in a civil conspiracy against her, and violated her rights in contravention of 42 U.S.C. Section 1983. Plaintiff was a firefighter in the District of Columbia who complained that she was sexually assaulted by fellow firefighters. She alleges that, after she complained, the agency mishandled her complaint and, ultimately, used fabricated medical and psychological evidence to force her to retire.

The Court recognizes that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This

minimum standard ensures that defendants receive fair notice of the claim being asserted so they

may prepare a responsive answer and adequate defense and assess whether the doctrine of *res*

*judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Plaintiff's complaint

does not meet this standard.

   Plaintiff's Complaint lists the defendants— who are numbered one through twenty-six —

by name, title, agency, and address.[1]  This makes it difficult for the court—or a potential

Defendant—to determine whether Plaintiff asserts claims against the named individual and/or

the agency for whom the individual is employed.  For example, the Complaint lists the first two

defendants as:

1. The District of Columbia
   Attorney General Karl A. Racine for the District of Columbia
   The Office of the Attorney General of the District of Columbia
   441 4th St., NW Suite 630 South
   Washington, DC  20001

2. The District of Columbia
   General Counsel Ellen Efros for the District of Columbia
   John A. Wilson Bldg.
   1350 Pennsylvania Ave, N.W. Suite
   Washington, DC  20004

While Plaintiff asserts that "[e]ach defendant is sued individually and in their official capacity,"

(Compl. ¶ 65), the complaint contains no allegations about these defendants or the agencies at

which they work.  Without any factual allegations about these individual defendants and

agencies, Plaintiff's claims against them do not meet the requirements of Rule 8(a).

---

[1] The numbers next to each defendant correspond to the numbers associated with the defendant
on the Plaintiff's complaint.   Additionally, the names, descriptions, titles, and addresses are
listed exactly as they appear in the complaint.

Next, Plaintiff clearly identifies certain Defendants in their individual and official capacities, but fails to include any factual allegations about them in the body of her Complaint. Indeed, none of these individuals is even mentioned in the body of the complaint:

3. Mayor Muriel A. Bowser, in Official Capacity and Personal/Individual Capacity
   c/o The Office of the Attorney General of the District of Columbia
   441 4th St., NW Suite 630 South
   Washington, DC 20001

4. Former Mayor Vincent Gray, in Official Capacity and Personal/Individual Capacity
   c/o The Office of the Attorney General of the District of Columbia
   441 4th St., NW Suite 630 South
   Washington, DC 20001

5. Assistant Attorney General Andrea G. Comantale, Esq., in Official Capacity and
   Personal/Individual Capacity
   The District of Columbia Police and Firefighters' Retirement and Relief Board
   441 4th St., NW Suite 330 South
   Washington, DC 20001

6. Assistant Attorney General Lois Hochhauser, Esq.,
   in Official Capacity and Personal/Individual Capacity
   The District of Columbia Police and Firefighters' Retirement and Relief Board
   441 4th St., NW Suite 330 South
   Washington, DC 20001

7. Fire and EMS Chief Gregory Dean in Official Capacity
   and Personal/Individual  Capacity
   The DC Fire and EMS Department
   The Frank D. Reeves Center
   2000 14th St., NW Suite 500
   Washington, DC 20009

9. Former Assistant Fire Chief of Services Larry B. Jackson [2]
   in Official Personal/Individual Capacity
   The DC Fire and EMS Department
   The Frank D. Reeves Center
   2000 14th St., NW Suite 500
   Washington, DC 20009

---

[2]  The court notes that Plaintiff names a Kenneth Jackson in the body of her Complaint, (Compl. ¶¶ 12–13, 35) but does not list him in the caption of the case.

13. Former EEOC and Diversity Manager
Gitana Stewart-Ponder, Esq. in Official Capacity and Personal/Individual Capacity
The DC Fire and EMS Department
The Frank D. Reeves Center
 2000 14th St., NW Suite 500
Washington, DC 20009

14. Captain Alan Noznesky in Official Capacity and Personal/Individual Capacity
The DC Fire and EMS Department
The Frank D. Reeves Center
2000 14th St., NW Suite 500
Washington, DC 20009

15. Lieutenant John Thornton in Official Capacity and Personal/Individual
Capacity
The DC Fire and EMS Department
The Frank D. Reeves Center
2000 14th St., NW Suite 500
Washington, DC 20009

16. Firefighter Travis Chase in Official Capacity and Personal/Individual
Capacity
The DC Fire and EMS Department
The Frank D. Reeves Center
2000 14th St., NW Suite 500
Washington, DC 20009

17. Firefighter Michael Harrison in Official Capacity and Personal/Individual
Capacity
The DC Fire and EMS Department
The Frank D. Reeves Center
2000 14th St., N W Suite 500
Washington, DC 20009

18. Police and Fire Clinic/ PFC
Associates Chief Operating
Officer Marian Booker
920 Varnum St., NE
Washington, DC 20017

25. Human Resources Administrator
Denise S. Gardner in Official Capacity and Personal/Individual Capacity
The District of Columbia Police and Firefighters' Retirement and Relief Board

441 4th St., NW Suite 340 North
Washington, DC  20001

26.   Human Resources Administrator
Lela Jones in Official Capacity and Personal/Individual Capacity
The District of Columbia Police and Firefighters' Retirement and Relief Board
441 4th St., NW Suite 340 North
Washington, DC  20001

Without any factual allegations about these individual defendants, Plaintiff's claims against them do not meet the requirements of Rule 8(a).

Next, Plaintiff sets forth allegations against the following defendants in the body of her Complaint, but they are not listed in the caption of the Complaint and no addresses for these individuals appear in the record:

Brownlee, Taunya

Demas, Hydan

Douglas, Milton

Jackson, Kenneth

Ninan, JiJi

Stronman, Randell

To the extent Plaintiff seeks to pursue claims against these individuals, the Local Rules of this court require that she provide the "full residence address or official address of each party." LCvR 5.1(c).

Finally, the Complaint does not comply with Rule 8(a) because it is unclear from the Complaint which causes of action Plaintiff asserts against each of the purported Defendants, thereby making it impossible for the Defendants to craft a response.

Given these deficiencies, Plaintiff is hereby ordered to refile her complaint no later than October 14, 2016. Should Plaintiff fail to meet this deadline or fail to file a complaint that meets the requirements of Rule 8(a) and Local Civil Rule 5.1(c), this court may dismiss this action or some of her claims without prejudice.

In light of the present order, the motion to dismiss (ECF No. 6) filed by the Council for the District of Columbia is hereby DENIED without prejudice. The motion (ECF No. 5) by Defendants District of Columbia, Gregory Dean, PFC Associates, LLC, Dr. Malomo, Dr. Gordon, and Dr. Cottrell seeking an extension of time to answer is hereby GRANTED, except that Defendants' obligation to answer is hereby stayed.[3] The court hereby DENIES as MOOT Plaintiff's motion for an extension of time (ECF No. 9) to respond to the D.C. Council's motion to dismiss and Plaintiff's motion for an extension of time to effect service of process (ECF No. 8).

Should this action go forward, Plaintiff should be mindful that she has an obligation to obtain the proper addresses for the Defendants and that she has an obligation to effectuate service of process in compliance with the Federal Rules of Civil Procedure. Accordingly, the court will look unfavorably upon further requests for extensions of time to serve the Defendants

---

[3] Going forward, to the extent a filing applies to some, but not all of the defendants, the parties shall be careful to ensure that the ECF docket text for each filing lists the names of ALL defendants on whose behalf the document is filed or to whom the document is directed.

due to Plaintiff's inability to secure addresses for them.  **Failure to adhere to the court's Local**

**Rules, the Federal Rules of Civil Procedure, or any orders of this court can result in**

**dismissal of this action.**

The Clerk of the Court shall mail a copy of this order to:

**NICOLE RENA MCCREA**
5205 East Capitol St., SE
Washington, DC 20019

Date:  September 8, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge