UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICOLE RENA MCCREA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-cv-0808 (TSC) |
| ) | |
| **DISTRICT OF COLUMBIA, et al.**, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER OF PARTIAL DISMISSAL**

*Pro se* Plaintiff Nicole McCrea is a former firefighter with the District of Columbia Fire and Emergency Medical Services Department ("EMS"). She alleges that two fellow firefighters sexually assaulted her at work. ECF No. 68, 2d Am. Compl. ¶¶ 1-4. She claims that although she reported the incident, EMS managers, other city employees and mental health professionals conspired to deny her requests to classify her subsequent behavioral health problems as job related injuries. *See id*. ¶¶ 5, 13-17, 20, 29-30, 37-39. McCrea also alleges these persons conspired to force her into retirement. *See id.* ¶¶ 59-60, 72, 87-89, 92-99, 108.

McCrea filed her initial Complaint on April 29, 2016. ECF No. 1. Shortly thereafter, the court entered its general notice to *pro* se parties advising her of her obligation to comply with the Federal Rules of Civil Procedure, the Local Civil Rules of this court and the court's orders, and the potential consequences of failing to comply. ECF No. 2. In September 2016, the court ordered Plaintiff to amend her Complaint because it failed to comply with Federal Rule of Civil Procedure 8(a). ECF No. 10. Specifically, Plaintiff named some individuals and their agencies in the Complaint, but failed to indicate whether she asserted claims against the individuals in their individual capacities, their official capacities, or both. Additionally, Plaintiff named some individuals and agencies in the caption of her case, but did

not include any factual allegations about them in the body of the Complaint.  The court listed the relevant Defendants in its order and identified the specific Rule 8(a) problem associated with each.

After several extensions of time, Plaintiff filed her First Amended Complaint, but it suffered from most of the same deficiencies.  *See* ECF No. 23.  Around this same time, several Defendants filed motions to dismiss and Plaintiff filed responses along with a Second Amended Complaint, which the court struck because Plaintiff had not sought leave of court.  ECF Nos. 21, 22, 27, 29-31; Jan. 24, 2017 Min. Order.

At a hearing on April 20, 2017, the court granted Plaintiff's request to file a Second Amended Complaint.  *See* Apr. 20, 2017 Min. Order.  During the hearing, the court explained that Plaintiff's proposed Second Amended Complaint must indicate which claims are asserted against which Defendants and the actions each Defendant took.

For unrelated reasons, the court dismissed Plaintiff's lawsuit, but later reopened it and again granted Plaintiff leave to file a Second Amended Complaint.  ECF Nos. 59, 66.  The court reminded Plaintiff that her initial and first amended complaints had been deficient, and that any failure to cure the deficiencies could result in this court striking portions of the complaint *sua sponte*.  ECF No. 66.

Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alterations omitted).

McCrea's Second Amended Complaint, which contains approximately 170 numbered and lettered paragraphs, is not a model of clarity or brevity. ECF No. 68. From what this court is able to discern, McCrea brings claims against at least twenty-seven Defendants[1] pursuant to:

- The Americans with Disabilities Act. *See, e.g., id.* at p. 9.
- The Rehabilitation Act. *See, e.g., id.*
- 42 U.S.C. § 1981. *See, e.g., id.*
- 42 U.S.C. § 1983. *See, e.g., id.*
- 42 U.S.C. § 1983 (civil conspiracy). *Id.* at p. 46.
- U.S. Constitution, First Amendment. *See, e.g., id.* at p. 47.
- U.S. Constitution, Fourth Amendment. *See, e.g., id.* at p. 48.
- U.S. Constitution, Equal Protection Clause. *Id.* at p. 55.
- U.S. Constitution, Due Process Clause. *See, e.g., id.* at p. 47.
- Constructive discharge. *Id.* at p. 46.
- Defamation of character. *See, e.g., id.* at pp. 48-49.
- Forgery. *Id.* at p. 51.
- Fraud. *See, e.g., id.*
- Fraud on the court. *Id.* at p. 50.
- Intentional Infliction of Emotional Distress. *Id.* at p. 51.
- Medical malpractice. *See, e.g., id.* at p. 50.
- Negligence. *Id.* at p. 56.
- Negligent Infliction of Emotional Distress. *Id.* at p. 51.

---

[1] McCrea lists twenty-seven defendants in the caption of her Complaint, but she also names additional defendants in the body of her Complaint. *See, e.g.*, 2d Am. Compl. ¶ 63 (alleging that Kenneth Jackson used a fabricated memorandum to defeat one of Plaintiff's appeals for benefits relating to her post-harassment mental health problems).

- Spoliation or fabrication of evidence. *Id.*

- Tortious Interference. *Id.*

McCrea also appears to contend that certain D.C. Code regulations are preempted by federal law. *See id*. at pp. 52-55.

Some of the deficiencies that the court previously identified remain, including McCrea's failure to identify the actions taken by some of the named Defendants that form the basis for her complaint. Accordingly, the court will exercise its discretion and dismiss the following named Defendants, pursuant to Rule 8(a):

1. District of Columbia Attorney General Karl Racine in his individual and official capacities: Although McCrea identifies him in the caption of the Complaint, his name does not appear in the body of the Complaint.

2. Former Mayor Vincent Gray in his individual capacity: McCrea alleges that she gave the former Mayor a copy of her "second notice of violations of civil rights, federal laws and state laws and her intent to sue." 2d Am. Compl. ¶ 86. These allegations are not sufficient to give rise to any individual liability on the part of Gray.

3. Andrea Comantale, Assistant Attorney General: Comantale is named in the caption, but her name does not appear in the body of the Complaint.

4. Larry Jackson, former D.C. Fire Chief: He is named in the caption, but his name does not appear in the body of the Complaint.

5. Marian Booker, PFC Associates, LLC Chief Operating Officer: She is named in the caption, but her name does not appear in the body of the Complaint.

The Clerk of the Court shall mail a copy of this order to the Plaintiff at her address of record.

Date:  July 18, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge