# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NICOLE RENA MCCREA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-0808 (TSC) |
| | ) | |
| **DISTRICT OF COLUMBIA et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTAIN DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendants the District of Columbia, Mayor Muriel Bowser, D.C. Police and Firefighters' Retirement and Relief Board, Alan Noznesky, Denise Gardner, Frieda Cardwell, Gitana Stewart-Ponder, Gregory Dean, Josh Henline, Kenneth Ellerbe, Lela Jones, Michael Donlon, Raymond Gretz, Travis Chase, and William Sarvis (the "District Defendants") move to dismiss the Second Amended Complaint. The Second Amended Complaint does not include a short and plain statement entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a). Nor does it state a claim against any of the District Defendants. *See* Fed. R. Civ. P. 12(b)(6).

For the foregoing reasons, as explained more fully in the attached Memorandum of Points and Authorities, the Court should dismiss this action with prejudice.

August 13, 2018

Respectfully submitted,

KARL RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/Sarah L. Knapp*
SARAH L. KNAPP [470008]

Acting Chief
Civil Litigation Division Section III

*/s/ Taylor Morosco*
TAYLOR MOROSCO [316401][1]
Assistant Attorney General
Civil Litigation Division, Section III
441 Fourth Street, N.W.
Washington, D.C. 20001
Phone: 202-442-9867
Fax: 202-741-0499
Taylor.morosco@dc.gov

*Counsel for Defendants the District of Columbia, Mayor
Muriel Bowser, D.C. Police and Firefighters' Retirement
and Relief Board, Alan Noznesky, Denise Gardner, Frieda
Cardwell, Gitana Stewart-Ponder, Gregory Dean, Josh
Henline, Kenneth Ellerbe, Lela Jones, Michael Donlon,
Raymond Gretz, Travis Chase, and William Sarvis.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August 2018, a copy of the foregoing

document was served on Plaintiff Nicole McCrea, via U.S. mail at the following address:

Nicole Rena McCrea
5205 East Capitol Street, SE
Washington, D.C. 20019

*/s/ Taylor Morosco*
TAYLOR MOROSCO

---

[1]     Admitted to practice only in California. Appearing before this Court pursuant to LCvR
83.2(f) under the direct supervision of Sarah L. Knapp, a member of the District of Columbia
Bar.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NICOLE RENA MCCREA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-0808 (TSC) |
| | ) | |
| **DISTRICT OF COLUMBIA et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendants the District of Columbia, Mayor Muriel Bowser, D.C. Police and Firefighters' Retirement and Relief Board, Alan Noznesky, Denise Gardner, Frieda Cardwell, Gitana Stewart-Ponder, Gregory Dean, Josh Henline, Kenneth Ellerbe, Lela Jones, Michael Donlon, Raymond Gretz, Travis Chase, and William Sarvis (the "District Defendants") move to dismiss the Second Amended Complaint. The Second Amended Complaint violates the Rule 8 pleading standard as it is not a short and plain statement showing Plaintiff is entitled to relief. It also does not state a claim against any of the District Defendants. The Court has instructed Plaintiff to fix these errors several times. Because Plaintiff has consistently failed to adhere to Rule 8 and violated Rule 12(b)(6), the Court should dismiss the Second Amended Complaint with prejudice.

## FACTUAL BACKGROUND

Plaintiff claims that she was the victim of sexual harassment and assault while working as a Firefighter/EMT with the District of Columbia's Fire and Emergency Medical Services Department (FEMS). According to the Complaint, on or around May 30, 2013, Plaintiff was

sleeping at the firehouse when the feeling of a hand on her inner thigh awakened her.  ECF No. 68, 2d Am. Compl. ¶¶ 2-3.  When she opened her eyes, she asserts that she saw firefighters Michael Harrison, Travis Chase, and an unidentifiable person standing above her.  *Id.*  No further touching or verbal exchanges occurred.  *See id.* ¶¶ 2-4.

Plaintiff claims that she reported the incident to Lieutenant John Thornton and Captain Alan Noznesky, but "nothing was done…and [she] was ordered not to do or say anything to anyone about it."  *See id.* ¶ 5.  She also filed an Office of Human Rights (OHR) charge and worked with EEOC manager Josh Henline to investigate the incident.  *See id.* at 154, ¶¶ 6-8, 31. In response to the OHR charge, FEMS filed two motions to dismiss.  *Id.* ¶¶ 104, 114.  Gitana Stewart Ponder filed the motions on behalf of FEMS.  *Id.*  Plaintiff claims the motions were "frivolous and vexatious."  *Id.*   The EEOC investigation was later suspended due to Plaintiff's lack of cooperation.  *Id.* at 135.   Plaintiff later convened and testified at trial boards against Lieutenant Thornton, Captain Noznesky, Harrison, and Chase. *See id.* at 149, ¶ 10.[2]

Not long after the incident, Plaintiff began to experience emotional distress.  Plaintiff claims that within one month of the incident, "[she] began to experience a variance of stress related somatic dysfunctions, including difficulty concentrating, difficulty falling asleep and/or staying asleep, headaches, loss of appetite, nausea, upset stomach and diarrhea…[Additionally], while at work, Plaintiff woke up screaming, having had a nightmare about events that occurred during the misdemeanor sexual abuse."  *Id.* ¶¶ 11-15.   After reporting her emotional issues to the Police and Fire Clinic (PFC), the clinic placed her on sick leave and referred Plaintiff for psychological testing.  *Id.* ¶ 15.  PFC diagnosed Plaintiff with acute stress reaction and adjustment disorder with mixed anxiety and depressed mood.  *Id.* at 135, ¶¶ 15, 18, 22, 26.

---

[2]      The Second Amended Complaint does not state the outcome of the trial boards.

Plaintiff disputes this diagnosis. PFC psychologist Rachel Gordon performed much of the testing,. *Id.* at 141, ¶¶ 46-53. Plaintiff asked battalion fire chief Raymond Gretz if she could meet with a different psychologist. *Id.* ¶ 55. Having already switched psychologists once, Plaintiff's request was denied. *Id.* at 135, ¶ 55. Plaintiff requested workers' compensation for her emotional distress but was denied. Plaintiff requested workers' compensation through the Police and Firefighters' Retirement and Disability Act for an "on-duty emotional illness or injury." *See id.* at 106-07. Battalion Chief Michael Donlon denied her request. *Id.* ¶¶ 15, 17. Plaintiff appealed the denial, which was also denied. *Id.* at 105-09, ¶¶ 37, 39, 62. Frieda Cardwell, on behalf of the Medical Services Branch, denied Plaintiff's appeal. *Id.* ¶ 62. Plaintiff claims that Cardwell's written decision misrepresented case law, cited incorrect and irrelevant case law, and possibly fabricated evidence. *See id.* ¶ 61.

In October and November 2013, Plaintiff communicated with "Karen Todd, an attorney on [Mayor] Muriel Bowsers team" about the incident. *See id.* ¶ 29. Plaintiff claims that Todd interviewed her and tried to "steer Plaintiff to let it go…repeatedly stating that [she] did not have a case." *Id.* (internal quotation marks omitted).[3]

In June 2014, Plaintiff had been on sick leave for one year and the D.C. Police and Firefighters' Retirement and Relief Board (PFRRB) began proceedings to determine whether Plaintiff was fit to return to duty. *Id.* at 110-17, 133-55, ¶¶ 43, 45, 72. PFRRB ordered Plaintiff to submit a report from her psychiatrist detailing her diagnosis, treatment, the provider's opinion on whether the diagnosis resulted from a work-related incident, and whether Plaintiff was fit to

---

[3]     Later, Plaintiff submitted several letters about the incident to Mayor Bowser through the Office of Risk Management. *Id.* at 86-98, ¶¶ 101, 111.

return for duty.  *Id.* at 141, ¶¶ 98, 99.  Plaintiff refused claiming this request was a "violation of her rights," but provided a report that addressed some of the questions.  *Id.* at 141-42.[4]

PFRRB determined that Plaintiff was incapacitated for further duty by a disability not incurred in the normal performance of duty.  *Id.* at 130-53, ¶ 108.  Plaintiff claims that she was forcibly retired in retaliation for "asserting federal rights against sexual harassment."  *Id.* ¶ 87.  Plaintiff also asserts that the PFRRB relied on unsubstantiated and false evidence.  *Id.* ¶ 108.

## PROCEDURAL BACKGROUND

Plaintiff filed her first complaint on April 29, 2016 against twenty-six defendants.[5]  ECF No. 1.  Defendant Council of the District of Columbia moved to dismiss for failure to state a claim.  ECF No. 6.  The Complaint's convoluted narrative violated Rule 8(a) because it did not assert a cause of action against each defendant.  In response, the Court ordered Plaintiff to file an amended complaint, which she did.  ECF 23.

Several defendants moved to dismiss the Amended Complaint for failure to state a claim.  ECF Nos. 19, 20, 21, 22.  The Amended Complaint still failed to explain which causes of action were being asserted against which defendant, making it impossible for any defendant to respond.  In response to these motions to dismiss, Plaintiff filed a second amended complaint.   ECF Nos. 29, 30, 31.  The Court struck the complaint and required Plaintiff to file responses to the pending motions to dismiss.  Jan. 24, 2017 Min. Order.  Plaintiff never responded to these motions to dismiss.

---

[4]      During the PFRRB proceedings, Plaintiff asked Denise Gardner and Lela Jones, administrators at the D.C. Office of Human Resources, for transcripts, "written directives for [her] appeal," and asked about the status of the board's decision.  *Id.* ¶¶ 100, 103, 105.  Plaintiff alleges that neither responded.  *Id.*
[5]      Later the Complaint was amended to add another defendant, making it a total of twenty-seven defendants.

The Court later held a status conference during which it instructed Plaintiff to file a second amended complaint addressing the deficiencies outlined in the motions to dismiss and previous Court opinion.  ECF Nos. 61, 10.  Plaintiff did follow this instruction and the Court dismissed her case on June 13, 2017.  ECF No. 42.

Plaintiff appealed the dismissal, ECF No. 43, and moved to vacate the dismissal, ECF No. 51.  In the motion she claimed that the Court should reopen her case because she met the excusable neglect standard.  The Court stated that it would reopen the case if the Court of Appeals would remand the action.  ECF No. 58.  The Court of Appeals remanded the case, and the case.  ECF No. 66.  The Court directed Plaintiff to file her Second Amended Complaint by June 22, 2018.  Plaintiff filed her untimely Second Amended Complaint on June 25, 2018.  ECF No. 68.[6]

The Second Amended Complaint brings at least twenty causes of action.  The Second Amended Complaint conceivably lists twenty causes of action: 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1983 (civil conspiracy), the Americans with Disabilities Act, First Amendment of the U.S. Constitution, Fourth Amendment of the U.S. Constitution, Due Process Clause of the U.S. Constitution, constructive discharge, defamation of character, forgery, fraud, fraud on the court, intentional infliction of emotional distress, medical malpractice, negligence, negligent infliction of emotional distress, spoliation or fabrication of evidence, tortious inference.  ECF Nos. 69, 78.  Almost every cause of action names "the Defendants" without differentiation.  Plaintiff only names the four defendants in her causes of action section: PFC, Gloria Morote, PFRRB, and the City Council of the District of Columbia.  *Id.* at 46-56.  The body of the complaint contains brief references to the District Defendants and unrelated third parties.

---

[6]     On its own accord, the Court ordered partial dismissal of five defendants pursuant to Rule 8(a).  ECF No. 78.

**STANDARD OF REVIEW**

I.      **Rule 8(a)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8 (d)(1). The Court and adverse party must be able to understand the allegations without undue burden. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (holding that parties must be able to discern the essential facts of the case without having to "fish a gold coin from a bucket of mud") (internal quotation marks and citation omitted); *see also Shallal v. Gates*, 254 F.R.D. 140, 143 n.6 (D.D.C. 2008) ("It is not the Court's job to wade through pages of incoherent gobbledy-gook in search of a single claim that may have merit."). This requires that the defendant(s) have fair notice of the claims being asserted and their grounds. The pleading standard guarantees adverse parties the ability to respond and prepare an adequate defense. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 8's pleading standard requires clarity and brevity. *See Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (citations omitted). "A complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8]'s standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts,* 319 F.R.D at 413 (internal quotation marks and citations omitted).

If a complaint fails to adhere to Rule 8, the court may dismiss the pleading. *See Ciralsky*, 355 F.3d at 669 (citing Fed. R. Civ. P. 41(b)). Although courts will allow a plaintiff to amend her pleading once, continual failure to meet Rule 8 may result in dismissal. *See Jiggetts,* 319

F.R.D at 414 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §
1217 (3d ed. 2004) ("[F]ederal courts are far less charitable when one or more amended
pleadings already have been filed with no measurable increase in clarity.")).  Local courts often
dismiss actions for repeated failure to comply with Rule 8's pleading standard.  *See, e.g.*,
*Ciralsky*, 355 F.3d at 669 (affirming dismissal of entire action because amended complaint
suffered same Rule 8 defects as previous pleadings); *Gardner v. United States*, 211 F.3d 1305,
1309 (D.C. Cir. 2000) (observing that dismissal is appropriate "after unfruitful resort to lesser
sanctions") (internal quotation marks and citations omitted); and *Jiggetts*, 319 F.R.D. at 414 ("If
a plaintiff has been given ample opportunity to comply with Rule 8 but fails to do so, or if the
amended pleading suffers from similar insufficiencies, then it is appropriate for the Court to
dismiss the case without providing another opportunity to amend.") (citations omitted).

II.    **Rule 12(b)(6)**

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient
facts, accepted as true, to state a claim of relief that is plausible on its face.  Fed. R. Civ. P.
12(b)(6).  The plaintiff must show "more than a sheer possibility that a defendant has acted
unlawfully.  *Potomac Dev. Corp. v. District of Columbia*, 28 A.3d 531, 544 (D.C. 2011) (quoting
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Bare legal conclusions, while they can provide the
framework of a complaint, "are not entitled to the assumption of truth" and they must be
supported by well-pleaded factual allegations for a court to assume their veracity.  *Id.*  (quoting
*Iqbal*, 556 U.S. at 679).

Although pro se plaintiffs are entitled to a liberal construal of their pleadings, they may
not ignore the rules of civil procedure.  *MacLeod v. Georgetown University Medical Center*, 736
A.2d 977, 979 (D.C. 1999).  "A pro se litigant must of course be given fair and equal treatment,

7

[but] he cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forego expert assistance." *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1993).  Furthermore, "[a] court's duty to construe a pro se complaint liberally does not permit a court to uphold completely inadequate complaints." *Elmore v. Stevens*, 824 A.2d 44, 46 (D.C. 2003) (citing *Vaughn v. United States*, 579 A.2d 170, 176 (D.C. 1990)).

## ARGUMENT

**I.      The Second Amended Complaint is not simple, short, and plain statement showing Plaintiff is entitled to relief.**

The Court should dismiss the Second Amended Complaint because it violates Rule 8(a) and (d).  The Court has twice ordered Plaintiff to comply with Rule 8's pleading requirements and clarify which causes of actions are being asserted against which defendants.  ECF Nos. 10, 61.  But Plaintiff has merely added exhibits and allegations on to her already convoluted complaint.  She has not clarified which cause of action is being asserted against which defendant(s).  Of the twenty-three defendants, only five are mentioned in her causes of action.[7] The other causes of action are indiscriminately asserted against "the Defendants."  Without knowing which cause of action applies to which defendant(s), the Second Amended Complaint fails to put the District Defendants on fair notice of the claims being asserted against them.  It is impossible for the District Defendants to respond.

Moreover, the Second Amended Complaint is unnecessarily detailed, lengthy, and rife with irrelevant and confusing material.  *See Twombly*, 550 U.S. at 555.  It is nearly impossible to

---

[7]      The Second Amended Complaint mentions the following defendants in her causes of action section: PFC, Gloria Morote, PFRRB, and the City Council of the District of Columbia. *Id.* at 46-56.

discern the essential facts that underlie Plaintiff's legal claims from the "myriad seemingly

irrelevant descriptions." *See Jiggetts*, 319 F.R.D. at 415.[8]  The Second Amended Complaint

places an unjustified burden on the Court and Defendants to determine what is relevant and at

issue.  *Ciralsky*, 355 F.3d 669 ("[U]nnecessary prolixity in a pleading places an unjustified

burden on the court and the party who must respond to it because they are forced to select the

relevant material from a mass of verbiage.") (internal quotation marks and citations omitted).

Despite ample opportunity for correction, the complaints have been consistently defective and

there is no evidence that further amendments would be any clearer.  5 Wright & Miller, Federal

Practice & Procedure § 1217.  Thus, because Plaintiff has repeatedly violated the Court's orders

and Rule 8, the Court should dismiss the Second Amended Complaint.

## II.   The allegations against the District Defendants fail to state a claim for relief.

### A.  Individuals

Plaintiff's claims against the individual District Defendants[9] fail whether in their

individual or official capacity.  Plaintiff named each of these District officials in his or her

official and individual capacity.  Official capacity suits are essentially suits "against [the] entity

of which an officer is an agency."  *Greene v. Shegan*, 917 F. Supp. 2d 146, 149 (D.D.C. 2013)

(citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).  Courts treat suits against

government officials sued in their official capacities as suits against the state because the latter is

---

[8]      *See, e.g.*, ECF 68 ¶¶ 18, 22, 27 (referencing a non-party doctor's unrelated diagnoses); *id.* ¶¶ 19, 36 (detailing irrelevant events and conversations with third parties); *id.* ¶¶ 45-54 (providing detailed descriptions of immaterial psychological tests); *id.* ¶¶ 68, 88 (referencing irrelevant procedure and scheduling of trial boards); and *id.* ¶¶ 108, 119 (including off-topic stories, legal conclusions, and diatribes).

[9]      Captain Alan Noznesky, Denise Gardner, Gitana Stewart-Ponder, Gregory Dean, Josh Henline, Kenneth Ellerbe, Lela Jones, Michael Donlon, Mayor Muriel Bowser, Raymond Gretz, Travis Chase, and William Sarvis.

the "real party in interest."  *See, e.g. id.*  Thus, Plaintiff's official capacity claims are claims

against the District and should be dismissed.[10]

Second, as discussed more fully below, Plaintiff does not state a claim against any of the

District Defendants in their individual capacity.   None of the individual District Defendants is

named in connection with any legal theory offered by Plaintiff.  Thus, they do not have adequate

notice of the claims against them under Rule 8.  And none of the actions alleged in the body of

complaint show that these officials violated any constitutional, statutory or common law right of

the Plaintiff.

And Plaintiff's statutory claims (under the ADA and Rehabilitation Act fail because

neither statute provides individual liability.  *Id.* at 46-56.  Also, Government officials are

immune from individual liability when their conduct "does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known."  *Martin v.*

*Ezeagu*, 816 F. Supp. 20, 25 (D.D.C. 1993) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982).  This qualified immunity protects each individual District Defendants from Plaintiff's

constitutional claims.

Captain Alan Noznesky

The brief allegations against Captain Noznesky do not state a claim for relief.  Plaintiff

claims that she notified Captain Noznesky of the alleged improper touching incident, and that he

did nothing.  ECF No. 68, 2d Am. Compl. ¶ 5.  She also states that she convened a trial board

against Captain Noznesky and served as a witness.  *Id.* ¶ 73.  Other than these two mentions, the

Second Amended Complaint does not reference Captain Noznesky.  These passing mentions are

---

[10]     Although courts occasionally substitute the District as defendant, doing so here would be
futile because Plaintiff's claims are otherwise defective.

not sufficient show that Captain Noznesky is liable for any of the claims in the Amended
Complaint.

Denise Gardner and Lela Jones

Plaintiff's brief allegations against Gardner and Jones do not give rise to individual
liability.  Plaintiff claims that Gardner and Jones did not respond to Plaintiff's inquiries for
hearing transcripts and the status of the PFRRB retirement decision.  *Id.* ¶ 100, 103, 105.
Although Plaintiff uses the phrase "fraudulent misrepresentation" in or around the same
paragraphs, Plaintiff does not say who fraudulently misrepresented anything to her.  *See id.*  And
failure to provide a transcript does not violate any clearly established conditional right.  Any
claims against Gardner and Jones should be dismissed.

Frieda Cardwell

Plaintiff's allegations against Cardwell do not give rise to individual liability.[11]  Cardwell
wrote the decision that denied Plaintiff's appeal for workers' compensation.  *Id.* at 105-09, ¶¶ 62,
63, 88.  Plaintiff claims that Cardwell's written decision misrepresented case law, cited incorrect
and irrelevant case law, and possibly fabricated evidence.  *See id.* ¶ 61.  These allegations do not
state a claim entitling Plaintiff to relief.  This Court is the improper forum to challenge an appeal
decision of this nature.  *See O'Rourke v. District of Columbia Police and Firefighters'
Retirement and Relief Bd.*, 46 A.3d 378, 383 (D.C. 2012) (citing D.C. Code, 2001 Ed. § 5-701, et
seq.) (holding that the District of Columbia Court of Appeals is the proper forum to challenge
PFRRB decisions).  Also, these allegations do not show that Plaintiff has a viable claim against
Cardwell under any theory offered in her Complaint.  Any claims against Cardwell should be
dismissed.

---

[11]     Plaintiff mistakenly refers to Frieda Cardwell as Frieda Caldwell multiple times.

Gitana Stewart-Ponder

Plaintiff's two brief allegations against Stewart-Ponder do not state a claim for relief. Plaintiff claims that Stewart-Ponder filed two "frivolous and vexatious" motions to dismiss in the Office of Human Rights (OHR) litigation. Compl. ¶¶ 104, 114.  Filing a "frivolous and vexatious" motion to dismiss at OHR does not violate any statutory, constitutional or common law right.  Any claim against Stewart-Ponder should be dismissed.

Fire Chief Gregory Dean

Plaintiff alleges that Chief Dean was liable because "as the person in charge, [he] had knowledge of and acquiesced in his subordinates' violations with deliberate indifference to the consequences."  *See id.* ¶ 104.  This conclusory allegation shows only that Chief Dean was FEMS' Fire Chief at the time of the incident.  Without actual knowledge and participation, Chief Dean could not have violated "clearly established statutory or constitutional rights of which a reasonable person would have known."  *See Martin*, 816 F. Supp. at 25.  Nor does it provide a plausible claim that he violated any statutory or common law right.  Any claim against Chief Dean should be dismissed.

Josh Henline

Plaintiff fails to state a claim for relief against Josh Henline.  Henline was Plaintiff's EEOC case manager. Although Henline is mentioned several times in the body of the complaint, it is only in reference to background information.  *See id*. ¶ 8, 13, 14, 21, 23, 24, 25, 56, 58, 63, 78.  Plaintiff makes few, if any, allegations against him.  At most, she claims that Henline "made veiled statements that she [take FMLA leave] to protect her from impending disciplinary actions. *See id.* at ¶ 56, p. 88.  Even if Henline implied that Plaintiff should take FMLA leave to avoid discipline, this does not a plausible claim for relief.  Any claim against Henline should be dismissed.

<u>Fire Chief Kenneth Ellerbe</u>

Plaintiff's allegations against Chief Ellerbe do not give rise to a claim against him. Plaintiff claims that she asked then-Chief Ellerbe for a reasonable accommodation of advanced sick leave. *Id*. ¶ 44. Chief Ellerbe denied the request. *Id.* ¶ 64. Without more, the fact that Plaintiff was not immediately given her first choice of an accommodation does not show that Chief Ellerbe violated any law. Indeed, requests for advanced sick leave are not *per se* reasonable. *E.g. Stewart v. White*, 61 F. Supp. 3d 118, 131 (D.D.C.). Any claim against Chief Ellerbe should be dismissed.

<u>Michael Donlon</u>

The allegations against Donlon do not state a claim for relief. Plaintiff claims that after the alleged sexual assault, she requested performance of duty injury through PFC. She asserts that Donlon denied her request. She also claims that Donlon took part in submitting a "grossly skewed, subjective, and unsubstantiated…Report of Psychological Evaluation" to the PFRRB. *Id.* at ¶ 59, 62, 108. These allegations do not amount to a cause of action. Nor is this Court the proper forum to challenge a request for workers' compensation or a report of psychological evaluation submitted to the PFRRB. *See O'Rourke*, 46 A.3d at 383 (holding that the District of Columbia Court of Appeals is the proper forum to review PFRDA and PFRRB decisions). Any claim against Donlon should be dismissed. Any claim against Donlon should be dismissed.

<u>Mayor Muriel Bowser</u>

The Second Amended Complaint briefly mentions Mayor Bowser but does not allege wrongdoing on her part. Plaintiff claims that she communicated with "Karen Todd, an attorney on [Mayor] Bowsers team" about the alleged sexual assault. *See id.* ¶ 29. Plaintiff claims that Todd interviewed her and attempted to "steer Plaintiff to let it go…repeatedly stating that [she] did not have a case." *Id.* (internal quotation marks omitted). These allegations do not state a

cause of action against the Mayor.  Also, the fact that Mayor Bowser was mayor at the time of

the incident does not give rise to individual liability.  Without knowledge and participation,

Mayor Bowser could not have violated "clearly established statutory or constitutional rights of

which a reasonable person would have known."  *See Martin*, 816 F. Supp. at 25.   Nor does it

provide a plausible claim that she violated any statutory or common law right.  Any claim

against Mayor Bowser should be dismissed.

Raymond Gretz

Plaintiff's allegations against Gretz are insufficient to give rise to individual liability.

While undergoing testing and counseling at the PFC, Plaintiff was paired with psychologist

Rachel Gordon.  *Id.* ¶ 55.  Plaintiff asked Gretz if she should switch to a different psychologist,

and he denied the request.[12]  *Id.*  These allegations do not state a claim for relief nor do they give

rise to individual liability.  Denying Plaintiff the ability to switch psychologists does not violate

any constitutional, statutory or common law right.   Any claim against Gretz should be

dismissed.

William Sarvis

The Second Amended Complaint alleges that Sarvis took part in submitting a "grossly

skewed, subjective, and unsubstantiated…Report of Psychological Evaluation" to the D.C.

Police and Firefighter Retirement and Relief Board. *Id.* ¶ 59, 62, 108.  Plaintiff does not explain

how submitting an unsubstantiated psychological evaluation report violates the law.  Nor does

she connect the report to any of her named causes of action.  Moreover, this Court is not the

proper forum to challenge a request for workers' compensation under the PFRDA or a report of

psychological evaluation submitted to PFRRB.  *See O'Rourke,* 46 A.3d at 383 (holding that the

District of Columbia Court of Appeals is the proper forum to review PFRDA and PFRRB

---

[12]      Prior to this request, Plaintiff had already switched psychologists once.  *Id.* at 135.

decisions).  These allegations are insufficient to give rise to liability and any claim against Sarvis should be dismissed.

### B.  Entities

<u>Police and Firefighters' Retirement and Relief Board</u>

The Court should dismiss all claims against the PFRRB because it is a *non sui juris* entity.  The law is clear that agencies and departments within the District of Columbia government are not suable as separate entities.[13]  *See, e.g., Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 5-6 (D.D.C. 2000) (citations omitted); *Roberson v. D.C. Bd. of Higher Ed.*, 359 A.2d 28, 31 n. 4 (D.C. 1976); *Ray v. District of Columbia,* 535 A.2d 868, 870 n. 2 (D.C. 1987); *Turner v. District of Columbia*, 532 A.2d 662, 675 (D.C. 1987); and *Braxton v. National Capital Hsg. Auth.*, 396 A.2d 215, 216-17 (D.C. 1978) (citing *Blackmar v. Guerre*, 342 U.S. 512, 72 (1952)).  An agency or department is only suable if it is designed as *sui juris.*  To be *sui juris*—authorized to be sued—the establishing body must use explicit statutory language or by implication (i.e. if the entity derived its existence from a suable entity).  *See, e.g. Kundrat*, 106 F. Supp. 2d at 5-6 (citations omitted); *Braxton*, 396 A.2d at 216-17; *Thompson*, 1980 WL at *2-3.

PFRRB is subordinate to the Mayor.  *See* D.C. Code § 5-722 ("the Mayor of the District of Columbia shall establish a Police and Firefighters Retirement and Relief Board.").   In establishing PFRRB, the D.C. Council did not use explicit language authorizing suit.  *See id.*  Thus, PFRRB is immune from suit in its name.

<u>The District of Columbia</u>

Plaintiff fails to state a claim against the District.  Even considering the allegations contained in the official capacity claims, Plaintiff does not state a claim for relief against the

---

[13]    Plaintiff claims violation of the First Amendment and possibly lack of jurisdiction against the PFRRB.  *Id.* at 46-56.

District.  Plaintiff lays out a long story about District officials ignoring her, responding to her administrative charges, and taking part in her forced retirement.  This does not show that Plaintiff's injury was caused by any custom, policy or practice of the District.  *See Monell v. Department of Social Services,* 436 U.S. 658 (1978).  None of these allegations give rise to liability. Nor do they support any of Plaintiff's twenty causes of action.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Second Amended Complaint with prejudice.

Date:  August 13, 2018                          Respectfully submitted,

                                                KARL A. RACINE
                                                Attorney General for the District of Columbia

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General, Civil Litigation Division

                                                 */s/ Sarah Knapp*
                                                SARAH KNAPP
                                                Assistant Attorney General
                                                Civil Litigation Division, Section III
                                                441 Fourth Street, N.W.
                                                Washington, D.C. 20001
                                                Phone: 202-724-6528
                                                Fax: 202-741-0599
                                                Sarah.knapp@dc.gov

                                                */s/ Taylor Morosco*
                                                TAYLOR MOROSCO [316401][14]
                                                Assistant Attorney General
                                                Civil Litigation Division, Section III
                                                441 Fourth Street, N.W.
                                                Washington, D.C.  20001
                                                Phone:  202-442-9867

---

[14]     Admitted to practice only in California. Appearing before this Court pursuant to LCvR 83.2(f) under the direct supervision of Sarah L. Knapp, a member of the District of Columbia Bar.

Fax:  202-741-0499
Taylor.morosco@dc.gov

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NICOLE RENA MCCREA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-0808 (TSC) |
| | ) | |
| **DISTRICT OF COLUMBIA et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

Upon consideration of the District of Columbia's, Mayor Muriel Bowser's, D.C. Police and Firefighters' Retirement and Relief Board's, Alan Noznesky's, Denise Gardner's, Frieda Cardwell's, Gitana Stewart-Ponder's, Gregory Dean's, Josh Henline's, Kenneth Ellerbe's, Lela Jones's, Michael Donlon's, Raymond Gretz's, Travis Chase's, and William Sarvis's (the District Defendant's) Motion to Dismiss, the Memorandum of Points and Authorities in support thereof, and any opposition thereto, it is hereby

**ORDERED** that the District Defendant's Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint is dismissed.

Date: _____

_____
TANYA S. CHUTKAN
United States District Judge
Washington, D.C.