UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NICOLE RENA MCCREA,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 16-cv-808 (TSC)

## MEMORANDUM OPINION

Plaintiff Nicole McCrea is a former firefighter with the District of Columbia Fire and Emergency Medical Services Department (EMS). Proceeding *pro se,* she alleges that in May 2013, two fellow firefighters sexually assaulted her while she was on duty, and after she reported the incident, EMS managers, government employees, and mental health professionals conspired to deny her requests to classify her subsequent behavioral health challenges as job-related injuries and to force her into retirement. Before the court is Defendants' Motion for Reconsideration, ECF No. 120, of the court's Order granting in part and denying in part an earlier motion to dismiss. For the reasons set forth below, the court will GRANT in part and DENY in part Defendants' motion.

    I.    BACKGROUND

The court has set forth the relevant background in its prior Memorandum Opinions. *See McCrea v. D.C.*, 2021 WL 1216522 (D.D.C. Mar. 31, 2021) (ECF No. 115); *McCrea v. D.C.*, 2021 WL 1209219 (D.D.C. Mar. 31, 2021) (ECF No. 113). In short, Plaintiff alleges that she was sexually assaulted while at work at the fire station on or around May 30, 2013, SAC ¶¶ 1–4; that in the following months she began experiencing resultant stress, along with other cognitive

and physical symptoms, and was placed on medical leave, *id.* ¶¶ 11–13, 15; that her request to have her symptoms treated as "performance on duty" (POD) injuries was wrongfully denied, *id.* ¶¶ 15–18, 20; and that she was ultimately ordered into involuntary, non-POD disability retirement, *id.* ¶¶ 92, 97–98, 108.[1]

Plaintiff's fifty-seven-page SAC asserts roughly twenty-six federal and state claims against at least twenty-seven Defendants. The court has repeatedly warned Plaintiff of deficiencies in her pleadings and dismissed certain claims and Defendants. *See* ECF Nos. 10, 78, 113, 115. Most recently, the court granted in part and denied in part a motion to dismiss filed by the remaining Defendants—the District of Columbia and individuals affiliated with it. *See* ECF Nos. 79, 116. As relevant here, the court did not dismiss Plaintiff's "claims asserted against the District of Columbia for alleged violations of the [Americans with Disabilities Act]/Rehabilitation Act (reasonable accommodations), First Amendment (retaliation), § 1981, Fifth Amendment (equal protection), and Fifth Amendment (substantive and procedural due process)," and did not dismiss Plaintiff's "intentional infliction of emotional distress claim asserted against Travis Chase." *McCrea*, 2021 WL 1216522 at *18. Now, Defendants move for reconsideration of that decision, asking the court to dismiss Plaintiff's claims in full. ECF No. 120 ("Defs.' Mot.").[2]

---

[1] The operative complaint is the Second Amended Complaint ("SAC"). *See* ECF No. 68. It is divided into four sections, but two of them are numbered "3"; one section is labeled as the fact section and one is labeled as the "Cause of Action or Claim for Relief" section. Each section contains numbered paragraphs and, in some instances, lettered subparagraphs. To avoid confusion, the court cites to the first section, containing the factual allegations, as "SAC" followed by the appropriate paragraph (¶) number or page (p.) number. *See* SAC pp. 10–46. The section "3," containing the causes of action, are referred to as "SAC COA," followed by the appropriate paragraph or page number. *See* SAC COA pp. 46–57.

[2] Plaintiff's opposition brief appears to argue that the court should also reconsider some of its earlier rulings for Defendants. But the brief also expressly and repeatedly affirms that

## II.     LEGAL STANDARD

A court may grant a motion to reconsider a non-final order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "The standard for determining whether or not to grant a motion to reconsider brought under Rule 54(b) is the 'as justice requires' standard . . . , which requires 'determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances.'" *In Def. of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (citations omitted). "Ultimately, the moving party has the burden to demonstrate that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 96 (D.D.C. 2018) (quotation omitted).

## III.    ANALYSIS

### A. Claims against the District of Columbia

1. Americans with Disabilities Act and Rehabilitation Act

Defendants argue that Plaintiff's Americans with Disabilities Act and Rehabilitation Act claim should be dismissed because it "merely recite[s] the elements of a reasonable accommodation claim" that "does 'not permit' an inference of anything 'more than the mere possibility of misconduct." Defs.' Mot. at 19–20 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

---

Plaintiff's arguments are "in OPPOSITION" to Defendants' Motion for Reconsideration. *See, e.g.*, *id.* at 1, 3, 7, 9, 16, 17, 20, 22, 25. And the "Relief" she seeks in her brief is not that court to reconsider any other aspects of its prior decision, but rather that "Defendants District of Columbia and Travis Chase's Motion for Reconsideration be DENIED." *Id.* at 27. Consequently, the court does not construe Plaintiff's brief in opposition as an independent motion for reconsideration.

(2009)). Defendants contend that Plaintiff's own allegations "establish *her* repeated refusal to cooperate with . . . requests for additional information needed to evaluate her [reasonable accommodation] request(s)." *Id.* at 20. But the court has already rejected those arguments, concluding that it sufficed for Plaintiff to allege "that she requested reasonable accommodations, as recommended by her treating physician, that would have allowed her to return to work, but EMS would not accept the recommendations and in fact asked her to provide additional information before it would consider her request." *McCrea*, 2021 WL 1216522 at *6. Thus, "[w]hile the viability of her claim at the summary judgment stage appears tenuous given her apparent failure to provide the District with the requested medical documentation," the court reaffirms that Plaintiff's allegations plausibly state a claim that the District failed to provide reasonable accommodation for her disability. *Id.* (citing 42 U.S.C. § 12112; 29 U.S.C. § 794(d)).

2. Section 1983 Claims

Second, Defendants argue that Plaintiff's "First Amendment, Fifth Amendment, and § 1981 claims" against the District should be dismissed because "she has no cause of action through which she can recognize those claims." Defs.' Mot. at 21. The court agrees, and therefore does not reach Defendants' additional arguments that Plaintiff did not plausibly plead those claims.

As she must, Plaintiff attempts to bring her constitutional and § 1981 claims against the District via the cause of action set forth in 42 U.S.C. § 1983. SAC COA pp. 46–47 ¶ 3, p. 51 ¶¶ 16–17, p. 55 ¶ 19, p. 56 ¶ 22; *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (permitting constitutional claims seeking monetary, declaratory, or injunctive relief to be brought against local governments under § 1983); *Brown v. Sessoms*, 774 F.3d 1016, 1021 (D.C. Cir. 2014) (Section 1983 "provides the exclusive federal remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor") (quoting *Jett v.*

*Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989)). To survive Defendants' motion to dismiss, Plaintiff's SAC must satisfy a "two-step inquiry" under *Monell*: It must not only (1) "state[] a claim for a predicate constitutional [or § 1981] violation," but also (2) "state[] a claim that a policy or custom of the District of Columbia caused the constitutional [or § 1981] violation alleged." *Baker v. D.C.*, 326 F.3d 1302, 1306 (D.C. Cir. 2003).

In its prior opinion, the court found that Plaintiff had pleaded facts sufficient to state each of those predicate claims, thus satisfying the first step of the *Monell* inquiry. *McCrea*, 2021 WL 1216522 at *6–9. But the court also held that Plaintiff had failed to plausibly allege that the District of Columbia had caused the violations underlying Plaintiff's predicate claims. *Id.* at *7. It noted that the necessary causal relationship could be established by identifying any of several forms of District policy or custom driving the violations she alleges. *See id.* (quoting *Jones v. District of Columbia*, 715 F. App'x 1, 2–3 (D.C. Cir. 2018); *Baker*, 326 F.3d at 1306). But the court found that Plaintiff's SAC did not meet that standard, failing to allege even deliberate indifference to the risk of such violations. *McCrea*, 2021 WL 1216522 at *8. "Her random references to 'deliberate indifference' are insufficient to establish a § 1983 claim where she simply proffers legal conclusions sprinkled with a few facts that do not support liability of any kind, much less municipality liability." *Id.*[3] As a result, Plaintiff's pleadings fail to satisfy the second step of the *Monell* analysis, and she cannot bring her constitutional or § 1981 claims against the District under § 1983. Because Plaintiff has not identified a valid cause of action for

---

[3] In her brief, Plaintiff again asserts that the District "is deliberately indifferent to First Amendment Retaliatory conduct as demonstrated through" a lengthy string citation to cases involving other District employees. Opposition at 8–9. But Plaintiff does not cite anything in her SAC to support that proposition. In any event, she cannot amend her allegations in her motions briefing. *See Smith v. Mayor*, 191 F. Supp. 3d 114, 116–17 (D.D.C. 2016), *aff'd sub nom. Smith v. Mayor, D.C.*, 2017 WL 2193615 (D.C. Cir. May 19, 2017).

those claims, the court should have dismissed them in its prior decision and will correct that error by dismissing them now.

### B. Intentional infliction of emotional distress claim against Travis Chase

Finally, Defendants seek reconsideration of the court's decision not to dismiss the intentional infliction of emotional distress claim against Travis Chase. In its prior Opinion, the court observed that the Police and Firefighters' Retirement and Disability Act "forecloses state law claims"—like intentional infliction of emotional distress—"associated with the Board's involuntary retirement decision." *McCrea*, 2021 WL 1216522 at *13. But the court liberally construed Plaintiff's allegations regarding Chase's involvement with her alleged sexual assault to state a claim of intentional infliction of emotional distress. *Id.* at *12–13.

Although "Defendants did not proffer any arguments in support of dismissal with respect to Chase" in their original Motion to Dismiss, *id.* at *12, the court will consider their newly raised argument that this claim is time-barred. "[M]ost statutes of limitations are not jurisdictional," which means that they may be waived as a defense if not timely asserted. *Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1107–08 (D.C. Cir. 2019). But the permissible time to assert the defense has not passed here. "[S]tatute of limitations arguments may be raised as an affirmative defense in a defendant's Answer, and until a party fails to interpose such a defense its ability to do so has not been waived." *Nattah v. Bush*, 770 F. Supp. 2d 193, 208 (D.D.C. 2011) (citing *Long v. Howard Univ.,* 550 F.3d 21, 24 (D.C. Cir. 2008)). Because Defendants have not yet filed an Answer, no waiver has occurred. *Id.*

The court concludes that this claim is barred by the statute of limitations. The D.C. Circuit has summarized the applicable law:

> Because there is no specific statute limiting the time for filing a claim for intentional infliction of emotional distress in the District of Columbia, the D.C. Court of

> Appeals has held that an independent action for intentional infliction of emotional distress is subject to the District's three-year residual limitation period, D.C. Code § 12–301(8). *See Saunders v. Nemati,* 580 A.2d 660 (1990). However, a claim for emotional distress that is "intertwined with any of the causes of action for which a period of limitation is specifically provided," including assault and battery, is subject to the limitation period for the intertwined claim. *Saunders,* 580 A.2d at 664–65; *see Hunter v. District of Columbia,* 943 F.2d 69, 72 (D.C. Cir. 1991) (where complaint does not allege facts showing that defendant intentionally caused emotional distress by conduct independent of assault and battery, applicable limitation period is one year provided for assault and battery).

*Rendall-Speranza v. Nassim*, 107 F.3d 913, 920 (D.C. Cir. 1997).

Under that standard, the applicable statute of limitations in this case is the one-year period for assault. *See* D.C. Code § 12-301(4). Plaintiff's only surviving claim against Chase arises from, and is inextricably intertwined with, the allegations that he participated in her sexual assault. *McCrea*, 2021 WL 1216522 at *12–13. Plaintiff cannot rely on "Chase's participation in the sham Trial Boards" as independent conduct constituting intentional infliction of emotional distress, Opposition at 25, because—as already explained—the Police and Firefighters' Retirement and Disability Act forecloses any such claim, *McCrea*, 2021 WL 1216522 at *13. Nor is her citation to *Owens v. Okure,* 488 U.S. 235 (1989), persuasive. That case held "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249-50. But Plaintiff's claim is against Chase in his individual capacity and not brought under § 1983. *McCrea*, 2021 WL 1216522 at *18. Accordingly, the relevant standard is the one described in *Rendall-Speranza*, which imposes the one-year statute of limitations applicable to assault. Because the alleged assault—and corresponding intentional infliction of emotional distress—occurred in 2013, *see* SAC ¶¶ 1–8, but Plaintiff did not file her initial Complaint until 2016, *see* ECF No. 1, the court will dismiss this claim as time-barred.

## IV. CONCLUSION

For these reasons, the court will GRANT in part and DENY in part Defendants' Motion for Reconsideration, ECF No. 120. Specifically, the court will DISMISS Plaintiff's First Amendment (retaliation), § 1981, Fifth Amendment (equal protection), and Fifth Amendment (substantive and procedural due process) claims against the District of Columbia; and DISMISS Plaintiff's intentional infliction of emotional distress claim against Travis Chase. As a result, Plaintiff's sole remaining claim is her Americans with Disabilities Act and Rehabilitation Act claim against the District of Columbia.

Date: June 14, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge