UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE RENA MCCREA,<br><br>      Plaintiff,<br><br>      v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>      Defendants. | Civil Action No. 16-cv-808 (TSC) |

**MEMORANDUM OPINION**

Plaintiff is a former firefighter who alleges she was sexually assaulted by two of her coworkers while on duty. Mem. Op., ECF No. 113 at 1. Throughout the last eight years of litigation, this court has dismissed most Defendants and claims, such that only Americans with Disabilities Act and Rehabilitation Act claim against the District of Columbia remains. Order, ECF No. 127. Plaintiff moved *pro se* for certification of an interlocutory appeal of the court's orders dismissing most of the other Defendants and claims as well as an order resolving a motion for reconsideration. *See* Pl.'s Mot. to Certify an Interlocutory Appeal, ECF No. 135 at 1 ("Mot.").

The courts of appeals generally have jurisdiction over only "final decisions of the district courts." 28 U.S.C. § 1291. One exception to this general rule is if the district court certifies an interlocutory order for appeal. *Id.* § 1292(b). Certification is proper if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* "The movant bears the burden of not only establishing the three certification elements but also of demonstrating exceptional circumstances that warrant a departure from the

general rule that appellate review must await final judgment." *Campaign Legal Ctr. v. Iowa Values*, 710 F. Supp. 3d 35, 46 (D.D.C. 2024) (citation omitted). Interlocutory appeals are thus "rarely allowed." *Mahoney v. U.S. Capitol Police Bd.*, 566 F. Supp. 3d 22, 32 (D.D.C. 2022) (citation omitted).

The court will deny Plaintiff's motion. At the outset, the record casts serious doubt on Plaintiff's position that she has identified a controlling question of law as to which there is substantial disagreement. Even assuming she met that burden, however, certification would be improper because immediate appeal would not materially advance the litigation. Appeal may materially advance the litigation if "reversal would hasten or at least simplify the litigation in some material way, such as by significantly narrowing the issues, conserving judicial resources, or by saving the parties from needless expense." *Doe 1 v. George Washington Univ.*, 573 F. Supp. 3d 88, 102 (D.D.C. 2021) (citation omitted). For example, interlocutory appeal of an order finding subject matter jurisdiction may materially advance the litigation because reversal would end the litigation altogether. *APCC Servs, Inc. v. Sprint Comm'cs Co.*, 297 F. Supp. 2d 90, 100 (D.D.C. 2003).

Rather than "simplify the litigation in some material way," *Doe 1*, 573 F. Supp. 3d at 102 (citation omitted), reversal here would reintroduce up to 20 Defendants regarding up to 25 federal and state claims, *see* Mem. Op., ECF No. 126 at 2; *see also* Am. Order, ECF No. 114 (dismissing Council of the District of Columbia, Hochhauser, Police and Fire Clinic Associates, LLC, Dr. Maloma, Dr. Gordon, and Dr. Cottrell); Order, ECF No. 116 (dismissing D.C. Police and Firefighters' Retirement and Relief Board, Bowser, Cardwell, Chase (in part), Dean, Donlon, Ellerbe, Gardner, Gretz, Henline, Jones, Noznesky, Sarvis, and Stewart-Ponder); Order, ECF No. 127 (dismissing remaining claim against Chase). With the risk of adding these additional

Defendants and claims on remand, the breadth of issues in litigation, judicial resources, and expense stand to only *increase* from immediate appeal. *See Doe 1*, 573 F. Supp. 3d at 102. Consequently, certification is unwarranted.

Plaintiff's contrary arguments are unpersuasive. First, she argues that an immediate appeal could narrow the issues by "eliminating the threat of issue preclusion." Mot. at 34–36. Issue preclusion, however, *conserves* judicial resources by preventing courts from relitigating issues that have already been decided. *See, e.g.*, *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) ("The objective of the doctrine of issue preclusion . . . is judicial finality."). Thus, eliminating issue preclusion would expand, rather than simplify, the litigation. Second, Plaintiff contends that interlocutory appeal would save resources by streamlining the discovery process. Mot. at 35. To the contrary, the discovery process would be vastly expanded to include additional parties and claims if this court is reversed. Finally, Plaintiff invokes the purported significance of her controlling question of law, *id.*, but that is not relevant to whether immediate appeal would materially advance the litigation.

For the foregoing reasons, the court will DENY Plaintiff's Motion for Certification of Interlocutory Appeal, ECF No. 135. An Order will accompany this Memorandum Opinion. The Clerk of Court shall mail a copy of this Memorandum Opinion to Plaintiff at her address of record.

Date: September 18, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge